|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | WESTERN DISTRICT OF WASHINGTON AT TACOMA | |
| 10 | TA'RAILLE DE'JAUN CHESNEY SR, | |
| 11 | Plaintiff, | CASE NO. 2:21-CV-00502-RJB-DWC |
| 12 | v. | ORDER |
| 13 | ROBERT GROSS et al., | |
| 14 | Defendants. | |

Plaintiff proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by June 25, 2021 to cure the deficiencies identified herein.

ORDER - 1

## I. Background

Plaintiff, who is a pretrial detainee housed at the King County Regional Justice Center, alleges Lake Forest Police Department and several officers falsely arrested him. Dkt. 4. Plaintiff also alleges claims against Victoria Freer, his state court attorney and a public defender, and two prosecuting attorneys, Sarah Erickson Mills and Elaine Lee. Dkt. 4 at 4-5.

Plaintiff alleges on March 28, 2018, he was at Leslie Dempsey's house to obtain money. Dkt. 4-1 at 6-7. Plaintiff states his children were there and he got concerned about how Ms. Dempsey's house was kept and threatened to call Child Protective Services on her. *Id.* at 7. Plaintiff alleges as he was leaving, his children wanted to come with him, and Ms. Dempsey called the police on him. *Id.* Plaintiff alleges he was arrested for multiple charges and "convicted of a few" in 2019. *Id.*

It appears Plaintiff then left Ms. Dempsey's house with one of his children. *See* Dkt. 4. Plaintiff alleges Defendants Robert Gross, Craig Teschlog, Mike Harden, and the Lake Forest Police Department obtained an illegal amber alert stating Plaintiff had kidnapped his son at knife point which caused Plaintiff to be falsely arrested. Dkt. 4 at 7, 18. Plaintiff alleges he and his son suffered injuries from multiple car crashes. *Id.* at 10.

Plaintiff further alleges that Defendants Lee, Erickson Mills, and Freer failed to give him a fair trial. Dkt. 4 at 13. Plaintiff alleges that these three Defendants used false and perjured testimony to convict him, and Defendant Freer failed to provide effective assistance of counsel. *Id.* Plaintiff is seeking $10 million in damages. Dkt. 4 at 21.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

1  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the
2  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
3  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
4  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
5  152 F.3d 1193 (9th Cir. 1998).

      Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

A. *Heck Bar*

Plaintiff alleges Defendants Gross, Harden, and Teschlog falsely arrested him and committed perjury. Dkt. 4. Plaintiff alleges Defendant Freer, his state court attorney and public defender failed to give him a fair trial. Dkt. 4 at 12. Plaintiff alleges Defendants Erickson Mills and Lee used false statements to convict him. Dkt. 4 at 13. The Court finds Plaintiff's conviction would be invalidated if he were to prove the allegations in the Complaint. Thus, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S 477 (1994).

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that

action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, Plaintiff's allegations appear to stem from his arrest and ultimate convictions.[1] *See* Dkt. 4 at 14. Plaintiff alleges he spent 35 months in jail due to the false statements. Dkt. 4 at 10. He alleges his rights were violated and the arrest and convictions were unlawful. Thus, if the Court were to grant Plaintiff the relief requested in the Compliant his underlying convictions could be invalidated.

As Plaintiff's allegations amount to an attack on the constitutional validity of his underlying convictions, the Complaint may not be maintained under § 1983 unless Plaintiff can show the convictions have been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As Plaintiff's current convictions have not been reversed and as the validity of the convictions would be called into question if Plaintiff were to prove the facts of this case, his claims are barred by *Heck*. Therefore, Plaintiff must also show cause why the Complaint should not be dismissed as *Heck* barred.

B.  *Improper Defendants – Freer, Erickson Mills, and Lee*

Prosecutors are also entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v.*

---

[1] Plaintiff states he is currently a pretrial detainee, but it appears he is currently detained awaiting trial on different charges than those he alleges were unlawful in the Complaint. *See* Dkt. 4 at 10.

*Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). As Defendants Erickson Mills and Lee have immunity, Plaintiff has failed to state a claim against them.

Plaintiff also names Defendant Freer, his state court attorney and an appointed public defender, in this matter. Dkt. 4. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). The United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981). In *Polk*, the Supreme Court held that a public defender, even though employed by the state, is not subject to § 1983 liability when acting in the capacity of an attorney. *Id.* at 321 (the job of a public defender is to advance the interests of his client, which "is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.") *Id.* at 321; *see also Miranda v. Clark Cty.,* 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Because public defenders cannot be subject to § 1983 liability based on their actions representing defendants in criminal proceedings, Plaintiff fails to state a claim against Defendant Freer.

C. *Improper Defendant – Lake Forest Police Department*

Plaintiff also names the Lake Forest Police Department as a Defendant in this matter. *See* Dkt. 4. However, the Lake Forest Police Department is not a proper legal entity capable of being sued under §1983. Rather, the City of Lake Forest Park, a municipality, would be the proper

defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, (1978); *Loomis v. City of Puyallup Police Dept.*, 2005 WL 1036445, at *8 (W.D. Wash. May 3, 2005).

To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named the City of Lake Forest as a defendant or alleged facts to show the City of Lake Forest Park is liable. *See* Dkt. 4. If Plaintiff seeks to sue the City of Lake Forest Park, he must name the City of Lake Forest Park as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show the City of Lake Forest Park violated his constitutional rights.

### III.     Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve Plaintiff's Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and within the amended complaint, he must write one short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. Any documents attached to the amended complaint are evidentiary exhibits in support of Plaintiff's allegations, not a substitute for a complaint. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before June 25, 2021, the undersigned will recommend dismissal of this action. The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 11th day of May, 2021.

David W. Christel
United States Magistrate Judge