UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TA'RAILLE DE'JAUN CHESNEY, SR.,

    Plaintiff,

v.

ROBERT GROSS, *et al.*,

    Defendants.

CASE NO. 2:21-cv-00502-RJB-DWC

REPORT AND RECOMMENDATION

NOTED FOR: February 4, 2022

Plaintiff filed an amended complaint under 42 U.S.C. § 1983. Dkt. 13. Before the Court is Defendants' motion to dismiss the amended complaint. Dkt. 18. As discussed below, the motion to dismiss should be **granted in part**.

**AMENDED COMPLAINT'S ALLEGATIONS**

Plaintiff is a convicted and sentenced state prisoner. Dkt. 13 at 2. Plaintiff sues: (1) Robert Gross, police sergeant for the Lake Forest Park Police Department ("Department"); (2) Craig Teschlog, police detective for the Department; and (3) and Mike Harden, police chief for the Department. *Id.* at 3.

REPORT AND RECOMMENDATION - 1

1     Plaintiff alleges that, on March 28, 2018, Defendant Gross requested an Amber alert. *Id.* at 4. The Washington State Patrol ("WSP") responded that "custodial interference is not enough and they need more detail." *Id.* at 4–5. With the help of Defendants Teschlog and Harden, Defendant Gross "lied & said that [Plaintiff] kidnapped [his] son at knife point." *See id.* at 5. Then, the WSP obtained a warrant for Plaintiff's arrest "that resulted in police officers crashin[g] into [plaintiff's] car," with the result that Plaintiff and his son needed medical attention. *Id.* The crash caused Plaintiff neck, shoulder, and back pain and emotional injuries. *Id.*

    Based on these allegations, Plaintiff alleges violations of the Fourth Amendment, Due Process Clause, and Equal Protection Clause. *Id.* at 4, 6. Plaintiff seeks damages and injunctive relief. *Id.* at 8.

## PROCEDURAL BACKGROUND

    Under the prison mailbox rule, Plaintiff filed his initial complaint on March 23, 2021. *See* Dkt. 1-1 at 21; *see also Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a . . . pleading to mail to court, the court [generally] deems the [pleading] constructively 'filed' on the date it is signed." (citation omitted)). The Court granted plaintiff's motion to proceed *in forma pauperis* ("IFP"). Dkt. 3. On May 11, 2021, because the complaint was deficient, the Court ordered Plaintiff to file an amended complaint. Dkt. 5. Pertinently, the Court found that Plaintiff alleged that "Defendants Gross, Harden, and Teschlog falsely arrested him" and that this claim appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 3.

    Plaintiff filed his amended complaint. Dkt. 13. Defendants filed a motion to dismiss. Dkt. 18. Defendants contend that, following a jury trial, Plaintiff was convicted of: (1) first-degree custodial interference; (2) third-degree theft; (3) driving while under the influence; (4)

attempting to elude a pursuing police vehicle; (5) reckless endangerment; and (6) reckless endangerment—domestic violence. *Id.* at 1–2. Defendants also contend that the State later moved to voluntarily dismiss Plaintiff's convictions for reckless endangerment and the enhancement on his eluding conviction and note that the trial court granted this relief and entered a new judgment. *Id.* at 2. In support, Defendants attach judicial records from Plaintiff's state prosecution. Dkts. 18-2, 18-3, 18-4. The Court takes judicial notice of these records. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of . . . documents on file in federal or state courts." (citation omitted)).

In their motion to dismiss, in relevant part, Defendants assert that Plaintiff's unlawful arrest claim is *Heck*-barred. Dkt. 18 at 4. Defendants also assert that the amended complaint is untimely because Plaintiff allegedly filed it on May 5, 2021, which they contend came more than three year after plaintiff's March 28, 2018 arrest. *Id.* at 6–7. Plaintiff did not reply.

**STANDARD OF REVIEW (MOTION TO DISMISS)**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.* "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has

REPORT AND RECOMMENDATION - 3

> facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citation omitted).

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* (citation omitted). When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citation omitted). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

**STANDARD OF REVIEW—28 U.S.C. §§ 1915A and 1915(e)**

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

REPORT AND RECOMMENDATION - 4

1    Likewise, because Plaintiff is proceeding IFP, the Court must screen his amended
2    complaint under § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).
3    Under § 1915(e)(2)(B), a district court must dismiss a prisoner's IFP case at any time if it
4    determines that the case is (i) frivolous or malicious; (ii) fails to state a claim on which relief
5    may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
6    relief. *O'Neal*, 531 F.3d at 1153 (citation and internal quotation marks omitted).

7    Section 1915A and § 1915(e) both allow district courts to screen a complaint at any time
8    during a case. *See* 28 U.S.C. § 1915A ("The court shall review . . . *as soon as practicable after*
9    *docketing*[] a complaint . . . ." (emphasis added)); 28 U.S.C. § 1915(e)(2) ("[T]he court shall
10   dismiss the case at any time . . . ."). So the district court may screen a complaint under these
11   provisions even where, as here, a defendant has filed a motion to dismiss. *Lopez*, 203 F.3d at
12   1126 n.6.

13   The standard for determining whether a plaintiff has failed to state a claim under §
14   1915A(b)(1) and § 1915(e)(2)(B)(ii) is the same as Rule 12(b)(6)'s standard for failure to state a
15   claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d
16   1108, 1112 (9th Cir. 2012).

**DISCUSSION**

I.   **Fourth Amendment**

Plaintiff alleges that Defendants falsely told the WSP that he kidnapped his son at knifepoint. This false statement allegedly caused the WSP to obtain a search warrant which, in turn, caused police officers to crash into Plaintiff's car, injuring him. *See* Dkt. 13 at 5.

To establish that police officers' judicial deception in obtaining a search warrant violated the Fourth Amendment, a plaintiff must: "1) make a substantial showing of the officers'

1    deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the
2    dishonesty, the searches and arrest would not have occurred." *Chism v. Washington State*, 661
3    F.3d 380, 386 (9th Cir. 2011) (alterations adopted) (citation and internal quotation marks
4    omitted). Regarding the second prong, "[t]he false statements and omissions contained in [the]
5    affidavit [are] material if the affidavit, once corrected and supplemented, would not have
6    provided a magistrate judge with a substantial basis for finding probable cause." *Id.* at 389
7    (citation and internal quotation marks omitted); *see also Hervey v. Estes*, 65 F.3d 784, 789 (9th
8    Cir. 1995) ("Put another way, the plaintiff must establish that the remaining information in the
9    affidavit is insufficient to establish probable cause.").

10           Here, Plaintiff has not adequately alleged that Defendants caused the warrant to be
11   obtained through judicial deception. True, Plaintiff alleges that Defendants falsely stated that he
12   kidnapped his son at knifepoint. However, his conclusory allegations do not plausibly suggest
13   that the existence of probable cause to arrest him depended on this allegedly false statement. The
14   amended complaint's allegations and Plaintiff's judicially noticed convictions impel the
15   inference that Plaintiff did not have custody of his son and was in a car with him eluding the
16   police. Therefore, without more, Plaintiff's allegations do not support a reasonable inference that
17   Defendants' alleged falsehood was material to the issuance of the warrant.

18           This claim is also, as Defendants contend, *Heck*-barred. "[W]hen a state prisoner seeks
19   damages in a § 1983 suit, the district court must consider whether a judgment in favor of the
20   plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the
21   complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence
22   has already been invalidated." *Heck*, 512 U.S. at 487. *Heck* also applies to claims of declaratory
23   and injunctive relief. *See Whitaker v. Garcetti*, 486 F.3d 572, 583 (9th Cir. 2007) ("The Supreme
24

REPORT AND RECOMMENDATION - 6

Court later clarified that *Heck*'s principle applies regardless of the form of remedy sought."). *Heck* may bar a claim for judicial deception. *See id.* 584. Also, *Heck* may bar a claim for false arrest. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam).

Here, *Heck* bars Plaintiff's judicial deception claim. Plaintiff alleges that Defendants falsely stated that he kidnapped his son at knifepoint, causing the issuance of an arrest warrant. If Plaintiff established that Defendants falsely stated that he kidnapped his son, and that the issuance of the arrest warrant depended on this false statement, this fact would invalidate his arrest warrant. "There is no question that *Heck* bars [a plaintiff's] claims that defendants lacked probable cause to arrest him . . . ." *See Towery*, 79 F.3d at 952; *see also Finch v. Graham*, No. 315CV05305RBLJRC, 2015 WL 7820591, at *2 (W.D. Wash. Oct. 20, 2015) ("*Heck* generally bars all claims challenging the validity of an arrest . . . ." (collecting cases)), *report and recommendation adopted*, 2015 WL 7871062 (W.D. Wash. Dec. 3, 2015).

Plaintiff also alleges that, by falsely stating that he kidnapped his son at knifepoint, Defendants caused police officers to crash into him. If Plaintiff is attempting to assert an excessive force claim, this claim would not be facially plausible. Even if this allegedly false statement was the basis for a warrant that authorized the officers' pursuit, Plaintiff's allegations, without more, do not support a reasonable inference that the allegedly false statement proximately caused the crash. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (proximate causation is a requirement for § 1983 liability); *cf. Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

1    Moreover, the unadorned allegation that the officers crashed into the car and caused
2    Plaintiff neck, shoulder, and back pain requiring medical attention does not, without more,
3    support a reasonable inference that their force was excessive. This is especially so because
4    Plaintiff's allegations and judicially noticed convictions impel the inference that he was eluding
5    the police when the officers crashed into him. *See Graham v. Connor*, 490 U.S. 386, 396 (1989)
6    (Whether an officer's use of force is "reasonable" "requires careful attention to the facts and
7    circumstances of each particular case, including the severity of the crime at issue, whether the
8    suspect poses an immediate threat to the safety of the officers or others, and whether he is
9    actively resisting arrest or attempting to evade arrest by flight." (citation omitted)).

10   In sum, Plaintiff has not pleaded a cognizable Fourth Amendment claim. Because the
11   Court has already granted Plaintiff leave to amend, this claim should be dismissed without leave
12   to amend. The record reflects that any further amendment "would be futile." *See Rutman Wine*
13   *Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). That said, the dismissal of this
14   claim should be without prejudice. While the record reflects that Plaintiff cannot state a
15   cognizable Fourth Amendment claim at this time, it is conceivable that he may be able to do so
16   at some future point. *See Quinlan v. Maleng*, No. 221CV01146RSLDWC, 2021 WL 6066013, at
17   *1 (W.D. Wash. Nov. 23, 2021) (dismissing claims "without prejudice but without leave to
18   amend"), *report and recommendation adopted*, 2021 WL 6062640 (W.D. Wash. Dec. 22, 2021).
19   Moreover, dismissals under *Heck* are without prejudice. *Trimble v. City of Santa Rosa*, 49 F.3d
20   583, 585 (9th Cir. 1995) (per curiam).

21   **II.    Due Process Clause**

22   Plaintiff alleges that, because Defendants falsely stated that he kidnapped his son at
23   knifepoint, he "was put on the news for . . . 3 day[s] & a[n Amber] Alert [was] on every
24

American['s] phone that a child was abducted." Dkt. 13 at 6. Plaintiff adds that a "person['s] reputation[,] good name, honor[,] & integrity are among the liberty interest[s] protected by due process . . . and [Defendants] violated it by making a false statement to activate a[n] Amber Alert." *Id.*

"[R]eputational harm alone does not suffice for a [due process] claim." *Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004) (citation omitted). "Rather, . . . [Plaintiff] must show that the stigma was accompanied by some additional deprivation of liberty or property." *Id.* (citation omitted). The Ninth Circuit "refer[s] to this as the 'stigma-plus' test, and ha[s] held that the 'plus' must be a deprivation of liberty or property by the state that directly affects the plaintiff's rights." *Id.* (citation omitted).

Here, Plaintiff alleges that Defendants stigmatized him by falsely stating that he kidnapped his son at knifepoint, causing the issuance of an Amber Alert. However, Plaintiff has not alleged a deprivation of liberty or property by the State that directly affected his rights. As discussed, Plaintiff has not adequately alleged that his arrest was unlawful and, in any event, *Heck* would bar such an allegation. As with Plaintiff's Fourth Amendment claim, this claim should be dismissed without prejudice but without leave to amend.

### III.    Equal Protection Clause

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation and internal quotation marks omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an

intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted).

Furthermore, "[w]here . . . state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that it 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Here, Plaintiff's equal protection claim is not cognizable. Plaintiff does not allege that Defendants intentionally discriminated against him based on membership in a protected class. Furthermore, Plaintiff does not allege that Defendants treated him differently from others similarly situated. Plaintiff's equal protection claim is wholly conclusory. Because Plaintiff merely piggybacked this claim onto his Fourth Amendment and due process claims, it should be dismissed with prejudice.[1] [2]

## CONCLUSION

As discussed above, it is **recommended** that Defendants' motion to dismiss (Dkt. 41) be **granted in part**, with the following results:

(1) Plaintiff's Fourth Amendment claim should be **dismissed without prejudice but without leave to amend**.

---

[1] Defendants base their contention that the three-year statute of limitations bars Plaintiff's claims on the mistaken premise that Plaintiff filed this case on May 5, 2021. Dkt. 18 at 6–7. However, as discussed, Plaintiff filed this case on March 23, 2021. *Supra* p. 2.

[2] Defendants construe the amended complaint to allege a state-law claim for negligent investigation. Dkt. 18 at 4–5. However, the Court does not construe the amended complaint to allege any state-law causes of action. Even if the amended complaint so alleged, the Court would dismiss the state-law claims without prejudice given the dismissal of Plaintiff's federal claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citation omitted).

(2) Plaintiff's due process claim should be **dismissed without prejudice but without leave to amend**.

(3) Plaintiff's equal protection claim should be **dismissed with prejudice**.

It is further **recommended** that this dismissal **count as a strike** under 28 U.S.C. § 1915(g) and that this case be **closed**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 4, 2022** as noted in the caption.

Dated this 20th day of January, 2022.

David W. Christel
United States Magistrate Judge