1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

| | |
|---|---|
| TA'RAILLE DE'JAUN CHESNEY, SR., | CASE NO. 21-0502 RJB-DWC |
| Plaintiff, | ORDER ON REPORT AND RECOMMENDATION |
| v. | |
| ROBERT GROSS, MIKE HARDEN, and CRAIG TESCHLOG, | |
| Defendants. | |

16     This matter comes before the Court on the Report and Recommendation of U.S.

17 Magistrate Judge David W. Christel.  Dkt. 19.  The Court has considered the Report and

18 Recommendation (Dkt. 19), Objections to the Report and Recommendation (Dkt. 20), and the

19 file herein.

20     In this case, the Plaintiff, *pro se*, asserts Defendants Lake Forest Park Police ("LFPP")

21 officers Mike Harden (now the Chief of Police), Robert Gross and Craig Teschlog violated his

22 Fourth and Fourteenth Amendment rights in connection with his March 28, 2018 arrest and

23 subsequent conviction of felony custodial interference in the first degree, felony attempting to

24 elude a police vehicle, with a special finding of endangerment by eluding, and misdemeanors of

ORDER ON REPORT AND RECOMMENDATION - 1

1    theft in the third degree, driving while under the influence, and two counts of reckless

2    endangerment.  Dkts. 1 and 13.  (The two counts of misdemeanor reckless endangerment were

3    later dismissed. Dkt. 18-3. ) After the Plaintiff's application to proceed *informa pauperis* was

4    granted, his Complaint was filed.  Dkts. 3 and 4.

5    **FACTS AND PROCEDURAL HISTORY**

6         **A.  Initial Complaint**

7         In his Complaint, in addition to the LFPP chief of police and officers mentioned above,

8    the Plaintiff named LFPP Dept., Victoria Freer, his defense lawyer at trial, and King County

9    assistant prosecuting attorneys Sarah Erickson Mills and Elaine Lee.  Dkt. 4.  The Plaintiff

10    asserted claims for violation of his Fourth and Fourteenth Amendment rights.  *Id.*

11         The Complaint alleged that after a dispute with his children's grandmother Leslie

12    Dempsey, he took his five-year-old son and left her home.  Dkt. 4 at 7.  Leslie Dempsey called

13    the LFPP.  *Id.*  (Lake Forest Park is a community about 14 miles north of Seattle, Washington.)

14    LFPP Officer Gross "made a false statement to the Washington State Patrol ("WSP") on 3/28/18

15    stating [the Plaintiff] had kidnapped [his] son . . . at knife point."  *Id.*  LFPP Officer Teschlog

16    "helped make the false report" that he kidnapped his son.  *Id.*, at 16.  LFPP Chief Harden "signed

17    a[n] officer's perjury statement to a missing person report."  *Id.* Due to Gross, Harden and

18    Teschlog's actions, an Amber Alert was issued and the Plaintiff was "made a fugitive on the

19    run." *Id.,* at 9.  The Plaintiff asserts that as a result of the Amber Alert, officers crashed into his

20    car resulting in injuries to him and his son.  *Id.*  The Plaintiff does not allege that the LFPP

21    officers were present at the time of the car crash or his arrest.

22         The Complaint also asserts that his right to a fair trial was violated because he needed

23    "complete truthfulness by everyone involved," and that did not happen (again pointing to the

24

allegedly false statement by Gross that he kidnapped his son by knife point) and because of

actions by both his defense attorney and by the prosecuting attorneys.  Dkt. 4 at 11.  He claims

his fair trial rights were violated due to too many continuances.  *Id.*  The Plaintiff refers to the

effectiveness of his lawyer at trial asserting that his defense attorney mishandled witnesses and

other evidence.  *Id.*  For example, he asserts that she should have raised the issue that the

"Amber Alert was issued on false statement and a false report and that any and all evidence of

a[n] Amber Alert should be motioned to suppress and that if any witnesses that take the stand to

testify about being involved in the issuing of the Amber Alert should be impeached."  *Id.* at 12-

13.  The Plaintiff asserts that his defense lawyer and the prosecuting attorneys knew they were

using perjured testimony, including that given by Gross and Teschlog about the kidnapping.  *Id.*

at 18.  He maintains that he was partly convicted due to their testimony.  *Id.* at 19.  The Plaintiff

seeks damages, internal investigations and firings of the Defendants, the lawyers disbarred and

the no contact order with his son lifted.  *Id.*

**B.  COURT'S ORDER AND SUBSEQUENT AMENDMENT OF COMPLAINT**

The Plaintiff's initial complaint was reviewed by the Court and the Plaintiff was

informed of its deficiencies, including that his claims were likely barred by *Heck v. Humphrey,*

512 U.S. 477 (1994).  Dkt. 5.  After leave was granted, the Plaintiff filed an Amended

Complaint.  Dkt. 13.

The following are facts taken from the Plaintiff's Amended Complaint (Dkt. 13).

Defendant Robert Gross requested an Amber Alert on March 28, 2018.  Dkt. 13 at 4.  Defendants

Craig Teschlog and Mike Harden "were involved in investigatin [sp] the Amber Alert."  *Id.*

After a request for more information was made by the WSP, Defendant Gross, "with the help of

Craig Teschlog and other Lake Forest Park Police Officers lied and said [Plaintiff] kidnapped

1    [his] son at knife point." *Id.*  A warrant for the Plaintiff's arrest was issued that "resulted in

2    police officers crashin [sp] into [the Plaintiff's] car & [his] son & [he] needin [sp] medical

3    attention." *Id.*  The Amended Complaint contends that "[i]f Robert Gross, Craig Teschlog &

4    Mike Harden along with other Lake Forest Park police officers didn't give false statement to

5    WSP to obtain a warrant for [his] arrest[,] puttin [sp] [he] and [his] son in substantial harm &

6    danger[,] police officers would have never crashed into [his] car causin [sp] [he and his] son a

7    trip to the hospital & in need of medical attention." *Id.*  He does not allege that any of the named

8    Defendants were present when the car crashes occurred.  The Plaintiff makes a claim for

9    violation of his Fourth Amendment rights for excessive force based on these facts.

10           The Plaintiff also makes a claim for violation of his Fourteenth Amendment due process

11   and equal protection rights.  According to the Amended Complaint, the WSP issued an Amber

12   Alert nationwide. *Id.* at 6.  The Plaintiff "was put on the news for it for 3 day[s] & a[n] alert on

13   every Americans['] phone that a child was abducted[.]" *Id.*  The Amended Complaint contends

14   that "a person[']s reputation[,] good name, honor & integrity are among the liberty interests

15   protected by due process clause and they violated it by making a false statement to activate an

16   Amber Alert." *Id.*  The Plaintiff felt "discriminated against & targeted . . . publicly humiliated &

17   [his] reputation, integrity & character was destroyed beyond repair." *Id.,* at 7.  The Plaintiff

18   seeks $10,000,000 in damages from each Defendant, an internal investigation, public apology,

19   and the Defendants' resignation. *Id.,* at 8.

20           **C.  DEFENDANTS' MOTION TO DISMISS, REPORT AND**
             **RECOMMENDATION AND OBJECTIONS**
21
             On November 19, 2021, the Defendants moved to dismiss the Plaintiff's Amended
22
     Complaint.  Dkt. 18.  The Defendants argue that the Plaintiff's claims are barred by *Heck*. *Id.*
23

24

ORDER ON REPORT AND RECOMMENDATION - 4

1   The Plaintiff received a notice pursuant to *Rand v. v. Rowland,* 154 F.3d 952 (9th Cir. 1998)

2   regarding the motion to dismiss.  Dkt. 18-5.  The Plaintiff did not respond.

3           On January 20, 2022, the Report and Recommendation was issued, recommending that

4   the Defendants' motion to dismiss (Dkt. 18) be granted, except that dismissal of the Plaintiff's

5   Fourth Amendment and Fourteenth Amendment Due Process claims be dismissed without

6   prejudice and without leave to amend.  Dkt. 19.  It recommends finding that the Fourth

7   Amendment and Fourteenth Amendment Due Process claims be dismissed without prejudice

8   because they are barred by *Heck*.  *Id.*  The Report and Recommendation recommends that the

9   Equal Protection claim be dismissed with prejudice.  *Id.*  The Report and Recommendation

10  further recommends that the case be dismissed and the dismissal count as a strike under 28

11  U.S.C. § 1915(g).  *Id.*

12          The Defendants object to dismissal of any of the claims without prejudice and argue that

13  dismissal should be with prejudice.  Dkt. 20.

14          In his objections, the Plaintiff insists that he has "evidence to show about his Equal

15  Protection Claim because he was discriminated against about [his] mental health."  Dkt. 25.  He

16  repeats his theories of recovery but does not substantively address the arguments raised in the

17  motion to dismiss, the Report and Recommendation, or the Defendants' objections.  *Id.*  He

18  expresses concern over the Defendants' proposed order granting their motion to dismiss, stating

19  that he thought it meant that the Court granted the Defendants' motion.  *Id.*  The Plaintiff also

20  indicates that he is having issues with his legal mail being opened and not being timely.  *Id.*  The

21  Plaintiff moves to file a proposed second amended complaint and for appointment of counsel.

22  *Id.*

23                              **ORGANIZATION OF OPINION**

24

ORDER ON REPORT AND RECOMMENDATION - 5

The Plaintiff's motion to file a proposed second amended complaint and motion for appointment of counsel will be considered first.  Then the Court will consider the Report and Recommendation and objections.

### DISCUSSION

**Plaintiff's Motion to File Proposed Second Amended Complaint**.  Pursuant to Fed. R. Civ. P. 15(a), leave to amend a complaint should be freely given.  In considering a motion to amend, courts may consider a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

To the extent that the Plaintiff again moves to amend his complaint, his motion (Dkt. 25) should be denied.  The Plaintiff has already been given an opportunity to amend his complaint and has failed to state a claim despite being informed of his pleading deficiencies.  Further, amendment would be futile.  His motion should be denied.

**Plaintiff's Motion for Appointment of Counsel.**  Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel.  Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the plaintiff to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

1    Plaintiff has not shown that exceptional circumstances require appointment of counsel

2    under § 1915(e)(1).  He has made no showing on the likelihood of success on the merits.  He is

3    able to sufficiently articulate his claims pro se in light of the complexity of the issues involved.

4    The Plaintiff's motion for appointment of counsel (Dkt. 25) should be denied.

5        **The Report and Recommendation and Objections.** The Report and Recommendation

6    (Dkt. 19) should be adopted and the case closed.

7        The Defendants' objections (Dkt. 20) do not provide a basis to reject the Report and

8    Recommendation.  The Report and Recommendation properly points out that claims dismissed

9    as barred by *Heck* are dismissed without prejudice. *Trimble v. City of Santa Rosa*, 49 F.3d 583,

10   585 (9th Cir. 1995)(dismissal of claims based on *Heck* was required to be without prejudice so

11   that a plaintiff may reassert their claims if they ever succeed in invalidating their conviction).

12   While the Report and Recommendation also noted that the Plaintiff failed to assert sufficient

13   allegations to state a claim in his amended complaint as to these claims and that further leave to

14   amend appears futile, it found that it was "conceivable" that Plaintiff may be able to do so in the

15   future.  These parts of the Report and Recommendation was not in error and should be adopted.

16       The Plaintiff's objections (Dkt. 25) do not provide a basis to reject the Report and

17   Recommendation.  Despite his assertions to the contrary, his Fourth and Fourteenth Amendment

18   claims are barred by *Heck*.  In his objections, he repeats his theory that the LFPP officers'

19   actions (making false statements about him kidnapping his son at knife point and the signing off

20   on a missing person report) resulted in the issuance of an Amber Alert, which caused other

21   officers to look for him and crash into his car to stop him.  Dkt. 25.  He reasons that LFPP

22   officers are therefore liable to him for excessive force and summarily states that if he succeeded

23   in this case any underlying convictions would not be invalidated under *Heck*. *Id.*  The Plaintiff

24

ORDER ON REPORT AND RECOMMENDATION - 7

does not allege the LFPP officers were present at the time of the crash.  The Report and

Recommendation adequately addresses the Plaintiff's assertions.  While the Plaintiff claims that

he has evidence regarding his equal protection claim, he fails to provide any details.  His

allegation is wholly conclusory.

As to the other issues the Plaintiff raises, he should be aware that the Defendants'

proposed order is merely a courtesy and the Court is free to reject it.  Proposed orders do not

constitute rulings.  The Plaintiff's arguments related to his legal mail are not relevant to claims

made in this case.  The Report and Recommendation should be adopted.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

- The Plaintiff's motions for leave to file a proposed second amended complaint
  and for appointment of counsel (Dkt. 25) **ARE DENIED**;

- The Report and Recommendation (Dkt. 19) **IS ADOPTED**;

- The Defendants' motion to dismiss (Dkt. 18) **IS GRANTED, IN PART, AND
  DENIED, IN PART**;

- The Plaintiff's Fourth Amendment claim and Fourteenth Amendment Due
  Process claim **ARE DISMISSED WITHOUT PREJUDICE and WITHOUT
  LEAVE TO AMEND**;

- The Plaintiff's Fourteenth Amendment Equal Protection claim **IS DISMISSED
  WITH PREJUDICE**;

- This case **IS DISMSSED**; and

- The dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).

ORDER ON REPORT AND RECOMMENDATION - 8

1      The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge

2  Christel, all counsel of record, and to any party appearing *pro se* at said party's last known

3  address.

4      Dated this 31st day of March, 2022.

5

6             ROBERT J. BRYAN
               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON REPORT AND RECOMMENDATION - 9